NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARLOW ZIRKIND, | Civil Action No.: 07-5602 (JLL) |
| Plaintiff, | |
| v. | |
| STATE OF NEW YORK, ET AL., | **O P I N I O N** |
| Defendant. | |

**APPEARANCES:**

Harlow Zirkind
547 Wyndham Road
Teaneck, NJ 07666
    Plaintiff, pro se

**LINARES**, **District Judge:**

    Plaintiff pro se, Harlow Zirkind, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security.  28 U.S.C. § 1915(a).  Having reviewed Plaintiff's allegations, however, the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

## BACKGROUND

    On November 19, 2007, pro se Plaintiff, Harlow Zirkind, filed a complaint asking the Court to strike all claims of child support which were imposed by a family court judge in the State of New

York.[1]  According to Plaintiff, pursuant to such court order, Plaintiff "was ordered to pay seventy-five dollars . . . [in] child support for the two children, Pesach Hai Shaul Zirkind and Malkitzedek Zirkind; plus one dollar . . . per week for spousal support to the Dept. Of Social Services' Support Enforcement Unit." (Compl., "Cause of Action," ¶ 1).  The Complaint further alleges that such child support obligations were imposed by the family court judge despite the fact that "there is no law obligating the plaintiff to pay child support for Pesach Hal Shaul Zirkind," as he is "now currently over the age of 21."  (Id., ¶ 2).  Thus, according to Plaintiff, "in [the] absence of any law and in derogation of the 13th Amendment and 14th Amendment of the Federal Constitution, [Defendants] are continuing to tax the plaintiff for child support for Pesach Hai Shaul Zirkind." (Id.).

The Complaint further alleges that Plaintiff "has not been able to find any employment for over 5 years." (Id., ¶ 3).  As a result, "[i]n accordance with the law and the US Supreme Court decision, that indigents can not be ordered to pay child support, the plaintiff hereby requests that the child support order be held in abeyance and that the defendants be ordered to cease and desist from any and all collection actions until the plaintiff is gainfully employed again."  (Id., ¶ 4).  Finally, and in light of the foregoing, Plaintiff asks that this Court award him $10 million in punitive damages.

## LEGAL STANDARD

**A.     Standard for a § 1915(e)(2)(B) Dismissal**

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[1] Plaintiff's Complaint invokes jurisdiction under (1) 28 U.S.C. § 1332, (2) 42 U.S.C. § 1983, (3) 42 U.S.C. § 1985, and (4) 28 U.S.C. § 1343.

seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Thus, in reviewing Plaintiff's Complaint, "we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally-cognizable claim."  Hairston v. Nash, No. 06-5219, 2007 WL 2390432, *1 (3d Cir. Aug. 23, 2007); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment of same.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); see generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).

## ANALYSIS

Although couched as an action against Defendants for damages, declaratory and injunctive relief, Plaintiff essentially seeks to void a child support order entered in family court in

the state of New York.[2]  The relief Plaintiff seeks "can only be predicated upon a finding that the state court has made incorrect factual and legal determinations in entering its orders." McAllister v. Allegheny County Family Div., 128 Fed. Appx. 901, 902 (3d Cir. 2005).  The Rooker-Feldman doctrine "prohibits District Courts from adjudicating actions in which 'the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling.'" Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) (citing FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996)).  Because the resolution of Plaintiff's claim(s) is inextricably intertwined with the (New York) state court proceedings, and necessarily involves a review of the child support order entered in those proceedings, this Court finds that it is without jurisdiction to entertain this matter pursuant to the Rooker-Feldman doctrine.[3]

## CONCLUSION

The Court, therefore, will dismiss Plaintiff's Complaint.  However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint.  The dismissal of the Complaint will, therefore, be

---

[2] To the extent that Plaintiff alleges the deprivation of his civil rights, the Court finds that any such allegations, as currently plead, are inextricably intertwined with the (New York) state court proceedings, and, in particular, the child support order entered therein.

[3] Moreover, it also appears that this Court lacks subject matter jurisdiction under the domestic relations exception to federal diversity jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (recognizing an exception to federal diversity jurisdiction for cases involving divorce, alimony, and child custody); see also Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. March 4, 2004) (stating that a federal court has no jurisdiction over a domestic relations matter even when the complaint is drafted to "sound in tort . . . or contract . . . or even under the federal constitution.") (citations omitted).

without prejudice to the filing of an amended complaint.[4]  Thus, Plaintiff may file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order.  If Plaintiff fails to amend his Complaint within thirty (30) days, his Complaint will be dismissed with prejudice.

  An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
| Dated: December 3, 2007 | /s/ Jose L. Linares<br>JOSE L. LINARES,<br>UNITED STATES DISTRICT JUDGE |

---

[4] Should Plaintiff wish to file an amended complaint, Plaintiff is advised to adhere to Federal Rule of Civil Procedure 8(a), which requires (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."