**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

## LETTER OPINION

January 18, 2008

Harlow Zirkind
547 Wyndham Road
Teaneck, NJ 07666

    **Re:** **Zirkind v. State of New York, et al.**
        **Civil Action No.: 07-5602 (JLL)**

Dear Parties:

    On November 19, 2007, Plaintiff filed a Complaint before this Court seeking damages, declaratory and injunctive relief against a number of defendants, including the State of New York; Bernadette Cadore, a representative of the Commissioner of Social Services; the Department of Social Services of New York City; the Human Resources Administration of New York City; Margot Bean, Deputy Commissioner, the Support Enforcement Unit; and Mazal Zirkind. Plaintiff simultaneously filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court granted Plaintiff's application to proceed in forma pauperis, and directed the Clerk of the Court to file the Complaint without pre-payment of filing fees or security.

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court then conducted an initial screening of Plaintiff's Complaint. In doing so, the Court determined that the resolution of Plaintiff's claim(s) would be inextricably intertwined with certain New York state court proceedings, and would necessarily involve this Court's review of the child support order entered in those proceedings. As a result, the Court found that it lacked jurisdiction to entertain this matter pursuant to the Rooker-Feldman doctrine. The Court likewise found that it lacked jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (recognizing an exception to federal diversity jurisdiction for cases involving divorce, alimony, and child custody).[1] Thus, although the Court

---

[1] See also Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. March 4, 2004) (stating that a federal court has no jurisdiction over a domestic relations matter even when the complaint is drafted to "sound in tort . . . or contract . . . or even under the federal constitution.") (citations

granted Plaintiff's application to proceed in forma pauperis, the Court dismissed Plaintiff's Complaint without prejudice to the filing of an amended Complaint.

Currently before this Court is Plaintiff's Amended Complaint, which was submitted to the Court on December 26, 2007.  This Court now screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff again attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and 42 U.S.C. § 1983.  However, the Amended Complaint, much like the original Complaint, details Plaintiff's general gripes with his child support obligations and related domestic relations matters. Although Plaintiff attempts, once again, to re-characterize the nature of his cause of action by alleging a number of related conspiracy-type theories,[2] the gravamen of Plaintiff's cause of action remains the same – namely, that the child support order entered by the New York Family Court is unlawful to the extent that it obligates Plaintiff to pay child support for a child who is now over the age of 21.  See Am. Compl., ¶¶ 1, 2.  Thus, although couched as an action for damages, the Amended Complaint plainly seeks to void or overturn adverse rulings entered in the child support litigation by the New York Family Court.  In light of such circumstances, and for the same reasons set forth in this Court's December 3, 2007 Opinion, this Court finds that it is without jurisdiction to entertain this matter pursuant to the Rooker-Feldman doctrine. See, e.g., Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003); McAllister v. Allegheny County Family Div., 128 Fed. Appx. 901, 902 (3d Cir. 2005).[3]

To the extent that there are claims buried within the Amended Complaint which have merit, and are not inextricably intertwined with Plaintiff's New York Family Court proceedings, the Court finds that any such claims fail to comply with Federal Rule of Civil Procedure 8(a) which requires (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief.  Clearly, if the Court is unable to decipher any such claims, then the Amended Complaint fails to provide Defendants with adequate notice as to same.

In light of Plaintiff's pro se status, however, the Court will afford Plaintiff with one final

---

omitted).

[2] For instance, Plaintiff claims that "the rabbis within New York and New Jersey, have conspired with Mazal Zirkind to harass and extort, religious rituals and an unequitable [sic] divorce agreement from the plaintiff." Am. Compl., ¶ 14.  Similarly, the Complaint alleges that "[t]he Get Laws of the State of NY are unconstitutional and display an overt animus by the State against orthodox and Chassidic Jews in divorce matters." Am. Compl., ¶ 22.

[3] In the alternative, the Court finds that it lacks jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992).

opportunity in which to amend his Complaint.[4]  Accordingly, the Court will permit Plaintiff to file a Second Amended Complaint by **January 31, 2008.**  Plaintiff's failure to file a Second Amended Complaint which clearly articulates the basis of this Court's federal subject matter jurisdiction will result in this Court's dismissal of this matter with prejudice.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
JOSE L. LINARES, U.S.D.J.

---

[4] See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (stating that unless amendment would be futile, district court may not dismiss complaint without permitting amendment).